PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TOMMY LYNN MORRIS, Personal Representative of the ESTATE of THOMAS LYNN MORRIS | ) ) ) ) CASE NO. 4:11CV1836 |
| Plaintiff, | ) ) JUDGE BENITA Y. PEARSON |
| v. | ) ) |
| MID-CENTURY INSURANCE COMPANY, *et al.*, | ) ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** [Resolving ECF Nos. 6, 9, ) and 16] |

## I. INTRODUCTION

Before the Court are the Motion to Remand (ECF No. 6) filed by Plaintiff Tommy Lynn Morris, Personal Representative of the Estate of Thomas Lynn Morris ("Plaintiff"), Motion for Partial Dismissal of Plaintiff's Claims and Motion to Abstain and Stay the Case, or, in the Alternative, Transfer Venue to the United States District Court for the Southern District of Indiana (ECF No. 9) filed by Defendants Mid-Century Insurance Company and Salavtore Nuzzo (collectively "Defendants"), and Motion for Leave to File an Answer to Plaintiff's Complaint *Instanter* (ECF No. 16) also filed by Defendants. Having reviewed the respective memoranda in support of the aforementioned motions, as well as other filings on the Court's docket, the Court grants Defendants' motion, in the alternative, to transfer venue (ECF No. 9), and denies as moot both the motion to remand (ECF No. 6) and the motion for leave to file an answer (ECF No. 16) for the reasons discussed below.

## II. BACKGROUND

### A. Car Accident

The instant action arises from a two-car accident that occurred on December 2, 2004 in Brown County, Indiana. All persons involved in the collision were residents of Indiana at the time of the accident. Daemen Sampson was driving when his car collided with that driven by Marcia Flaherty.[1] Thomas Lynn Morris, a back-seat passenger of Sampson's car, was killed as a result of the accident. ECF Nos. 9 at 2–3 and 10-4 at 6.

Prior to the car accident, Defendant Mid-Century Insurance Company ("Mid-Century") issued an automobile insurance policy to Sampson. After the accident and motivated by the death of Morris, Plaintiff, the Estate of Lynn Morris, made a demand against the insurance policy for $50,000–the highest amount provided by the policy. The claim was adjusted on behalf of Mid-Century by Defendant Salvatore Nuzzo, an insurance adjuster and a resident of Burghill, Ohio. Ultimately, the parties were unable to reach an agreement regarding the claim against the insurance policy. ECF Nos. 9 at 2–3 and 10-4 at 6.

### B. Plaintiff's Indiana State Lawsuit Against Sampson

On January 18, 2005, Plaintiff filed a wrongful death suit against Sampson and his insurance company, Mid-Century, in Indiana State court. On May 13, 2010, an Indiana jury returned a verdict against Sampson and in favor of Plaintiff for approximately 1.2 million dollars. On July 26, 2010, Plaintiff executed a purported Assignment of Rights with Sampson. Under the terms of the assignment, Plaintiff agreed not to collect the judgment from Sampson's personal

---

[1] Sampson and Flaherty are not parties to the instant lawsuit.

(4:11CV1836)

assets. In exchange, Sampson assigned his right to all claims against Mid-Century, including a claim of bad faith, to Plaintiff and also agreed to dismiss his appeal of the $1,195,024 verdict. ECF Nos. 9 at 4 and 10-4 at 8.

### C. Mid-Century's Request for Declaratory Relief in Indiana State Court

Mid-Century avers that the assignment was executed without the knowledge or consent of Mid-Century, as required under the terms and conditions of Sampson's insurance policy. Thus, on June 28, 2010, shortly after Plaintiff executed the assignment of rights agreement with Sampson, Mid-Century filed a complaint for declaratory relief in the Brown Circuit Court of Indiana seeking a declaration of its rights and duties under the policy with respect to Plaintiff's potential claims. ECF Nos. 9 at 4 and 10-1. Plaintiff filed a motion to dismiss the complaint, which was subsequently granted. Mid-Century is currently appealing the Indiana State trial court's decision. ECF No. 9 at 4-5.

### D. Plaintiff's Lawsuit against Mid-Century in California State Court

In March 2011, Plaintiff filed a lawsuit against Mid-Century and 100 "John Doe" defendants in the Los Angeles Superior Court of California for breach of the implied covenant of good faith and fair dealing. In the Complaint, Plaintiff, as an assignee of Sampson, averred that Mid-Century acted in bad faith when the company failed to settle Plaintiff's claim within the insurance policy limits, which resulted in exposing Sampson to an excess verdict. ECF Nos. 10-3 and 10-4 at 9.

Additionally, Plaintiff claimed venue was proper in California because Mid-Century is incorporated in California and has a principal place of business in Los Angeles County. ECF No.

3

(4:11CV1836)

10-3. Mid-Century filed a motion to dismiss, arguing that under the doctrine of *forum non conveniens*, Indiana was the proper forum to adjudicate Plaintiff's claims. ECF No. 10-4.

After the matter had been fully briefed, the Los Angeles Superior Court issued a tentative ruling on May 10, 2011, granting Mid-Century's motion to dismiss. In doing so, the Los Angeles Superior Court noted that Mid-Century had successfully established that an Indiana State court was an adequate alternative forum. Plaintiff did not contest this finding. The Los Angeles Superior Court also noted that public and private interest favored Indiana, and ultimately, Indiana law would apply to the dispute. ECF No. 10-6. The Los Angeles Superior Court formally granted Mid-Century's motion to dismiss on May 17, 2011, and entered an order of dismissal on June 2, 2011. ECF Nos. 9 at 5; 10-6; 10-7.

### E. Instant Lawsuit

Barely two months after the Los Angeles Superior Court entered its order of dismissal, Plaintiff initiated the instant lawsuit by filing a complaint in the Trumbull County Court of Common Pleas in Ohio State court on August 1, 2011. ECF No. 1. Plaintiff's complaints filed in California and the Northern District of Ohio arise from the same facts and allegations, *i.e.* the Indiana car accident and the resultant claims handling and Indiana wrongful death litigation. Unlike the California lawsuit, however, the instant case names Nuzzo–the claims adjuster and sole Ohio resident--as a Defendant.

On August 31, 2011, Defendants removed the action to this Court. ECF No. 1. This removal is currently the subject of a pending motion to remand by Plaintiff (ECF No. 6), which Mid-Century and Nuzzo have opposed on the grounds that Plaintiff fraudulently joined

4

(4:11CV1836)

Nuzzo solely for the purpose of establishing jurisdiction in the Ohio state court system and destroying complete diversity of the parties (ECF No. 8).[2]

In addition to the motion to remand, pending before the Court is Defendants' motion for partial dismissal and to abstain and stay the case, or, in the alternative, a motion to transfer venue (ECF No. 9) through which Defendants seeks to dismiss Defendant Nuzzo from the action on the grounds that Plaintiff's complaint fails to state a claim upon which relief should be granted, among other grounds. The motion also requests that the Court abstain from adjudicating Plaintiff's claims against Defendants until the underlying Indiana State court action has been fully and properly adjudicated. ECF No. 9 at 6-10.

As an alternative to the above described requests, Defendants ask the Court to transfer venue of this case to the U.S. District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1404. To support their motion to transfer venue, Defendants note that the operative facts occurred in Indiana–not Ohio. Defendants also contend that the Indiana forum would be the more convenient forum for the parties involved in the litigation and any foreseeable witnesses. Defendants argue that judicial economy likewise favors transferring the case, especially in light of the Indiana Court's familiarity with the Indiana State law, which presumably will govern the instant case. Lastly, Defendants aver that Plaintiff's filing of this case in an Ohio State court constitute a blatant attempt to forum shop, especially when considered against the backdrop of

---

[2] The Court is unclear how the joinder, fraudulently or otherwise, of Nuzzo would destroy diversity given that Nuzzo is the only Ohioan named in the complaint at the time of its removal to the Northern District of Ohio. While it certainly appears that Nuzzo was joined to establish a jurisdictional hook in an Ohio court, given the current population of the case, his joinder does not destroy the Court's diversity jurisdiction .

(4:11CV1836)

Plaintiff having already filed a strikingly similar action in a California State court, and the California State Court's dismissal of the action and informing Plaintiff that Indiana was the more suitable forum for Plaintiff to bring its claims. ECF No. 9 at 10-16.

Also pending before the Court is Defendants' request for leave to file an answer, *instanter*, in the event that the Court denies Defendants' aforementioned motion in its entirety, or grants Plaintiff's motion to remand the case to State court. ECF No. 16.

### III. LAW AND DISCUSSION

Section 1404(a) permits a change of venue for the convenience of parties and witnesses as well as the interest of justice. It provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The following factors enter into a court's consideration of a motion for change of venue:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer.

*Roberts Metals v. Florida Properties Marketing*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd* No. 93-1562, 1994 WL 84735 (Fed. Cir. March 14, 1994). Further, two additional factors that courts consider are plaintiff's choice of forum and the respective docket loads of the two district courts. *Id.* at 92, n. 2. *See also Armco, Inc. v. Reliance National Insurance Company*, No. C-1-96-1149, 1997 WL 311474, at *4 (S.D. Ohio May 30, 1997) ("the balance need not be 'strongly in favor' of the party seeking the transfer, but rather need only favor the party seeking the transfer"); *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982).

(4:11CV1836)

The language of the statute also indicates that the Court has broad discretion in ruling on such motions. *Mead Data Central, Inc. v. West Publishing Co.*, 679 F.Supp. 1455, 1457 (S.D. Ohio 1987) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

Having weighed the relevant factors, the Court holds that Defendants have met their burden of proving that transfer is appropriate. *See Schmid Laboratories, Inc. v. Hartford Acccident and Indem. Co.*, 654 F. Supp. 734, 736-37 (D.D.C. 1986) (ordering transfer and holding that plaintiffs engaged in forum shopping where there was no real factual relationship to the forum and plaintiffs were trying to capitalize on a unique favorable precedent). For the reasons that have been articulated in the memorandum providing the points and authorities on which Defendants rely in support of their motion a transfer is granted. *See* ECF No. 9.

All remaining motions pending on the Court's docket are denied as moot. This case will be transferred to the United States District Court for the Southern District of Indiana.

IT IS SO ORDERED.

| | |
|---|---|
| _April 30, 2012_ | _/s/ Benita Y. Pearson_ |
| Date | Benita Y. Pearson |
| | United States District Judge |