UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOMMY LYNN MORRIS, Personal Representative of the Estate of Thomas Lynn Morris, | ) ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) CASE NO. 1:12-cv-00578-SEB-DML ) |
| MID-CENTURY INSURANCE COMPANY, | ) ) |
| Defendant/Counterclaimant. | ) |

## Order on Defendant's Motion for Protective Order

This matter is before the court on a motion by defendant/counterclaimant Mid-Century Insurance Company for entry of a protective order governing the use and dissemination of information and documents exchanged by the parties in discovery (Dkt. 89). The parties do not agree on the terms of an appropriate protective order and have submitted competing orders for the court's consideration. Mid-Century's proposed order is filed at Dkt. 89-5; plaintiff Morris's proposed order is filed at Dkt. 89-3. The court finds that neither proposed order is appropriate, but addresses and resolves in this order the areas of dispute between the parties. Mid-Century may submit a revised proposed order consistent with this order.

The parties disagree on two major points. They cannot agree on the type of information that may be designated as "confidential" and subject to restricted access. They also cannot agree on the categories of persons permitted access to information that has been designated as confidential.

## Material that may be designated as confidential

As to the first matter, Morris's brief (Dkt. 96) argues that only trade secrets, as defined under a state's laws, appropriately can be designated as confidential and thus access restricted, although the form of protective order he proposes is broader and allows for designation as confidential trade secrets *and* "other confidential research, development and/or commercial information." (*See* Dkt. 89-3 at ¶ 5). Mid-Century's proposal defines the type of information that may be designated by a party as confidential to include "trade secrets, confidential research, development, or commercial information, financial information and other sensitive, non-public information." (Dkt. 89-5 at p.1).

The court rejects Morris's argument that only trade secrets or information akin to trade secrets can be subject to restricted access. In the Seventh Circuit, very different standards govern limitations on the use and dissemination of materials and information exchanged in discovery than govern materials that are filed as part of the judicial record and underpin the court's decisions on substantive matters. The Seventh Circuit explained in *Baxter Internat'l, Inc. v. Abbott Laboratories,* 297 F.3d 544 (7th Cir. 2002):

> Secrecy is fine at the discovery stage, before the material enters the judicial record. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.

*Id.* at 545. More recently, in *Bond v. Utreas,* 585 F.3d 1061 (7th Cir. 2009), the Seventh Circuit explicitly rejected the proposition broadly expressed by it in earlier

cases that pretrial discovery takes place in public and the public presumptively

enjoys access to it. *Id.* at 1073. It ruled that there generally is no public right of

access to *unfiled* discovery, and the public's right of access arises only when

information gathered and exchanged in discovery is part of the judicial record:

> [W]hile the public has a presumptive right to access discovery materials that are filed with the court, used in a judicial proceeding, or otherwise constitute 'judicial records,' the same is not true of materials produced during discovery but not filed with the court. Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery.

*Id.* (emphasis in original). *See also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33

(1984) (noting that pretrial discovery depositions were not public proceedings at

common law and generally are conducted in private).

This does not mean that the court may or should permit parties to impose

confidentiality restrictions on a boundless universe of documents and information

exchanged in discovery. That approach imposes too heavy a burden on the parties

and the court by requiring special precautions and procedures for too much

information and could require the court constantly to address confidentiality

restrictions and the sealing and unsealing of material.

This court will permit Mid-Century (and Morris) to designate as confidential,

and subject to restricted access, documents and information as described by Mid-

Century's proposed protective order. That is, the producing party may designate

documents and information as confidential when counsel for that party has made a

reasonable, good-faith assessment that the information/documents constitute either

a trade secret, or non-public research, development, commercial, financial, or

3

otherwise non-public sensitive material.  If reasonably necessary for judicial decision of a matter, confidential material must, at least initially, be filed under seal.  To the extent designated material is filed under seal, the producing party will then bear a burden to show that the material may be maintained under seal according to the stricter standards for maintaining the secrecy of filed documents, as described by the Seventh Circuit in cases such as *Bond,* 585 F.3d 1061 (7th Cir. 2009), *Baxter,* 297 F.3d 544 (7th Cir. 2002), and *Citizens First Nat'l Bank v. Cincinnati Ins. Co.,* 178 F.3d 943 (7th Cir. 1999).

The court will not, however, determine in advance (and without the requisite factual basis) that particular Mid-Century documents are trade secrets under Indiana law, which paragraphs 3, 4, 5, and 6 of its proposed order would do.  It is possible that such an issue may never need to be decided; it should arise only if those documents are filed with the court as part of a motion for substantive judicial decision and Mid-Century is required to justify maintaining the materials under seal.  The court also will not adopt a procedure—such as that proposed by Morris— by which the parties' disputes over confidentiality designations for documents must immediately be presented to the court for resolution or the designations are forfeited.  Rather, the court expects that Mid-Century's counsel will fulfill its obligations to designate only documents that meet the definition of confidential information—as addressed above—and any disputes between the parties about such designations must first be addressed informally and  presented to the court only if necessary.  On this matter, the court approves the language in paragraphs 16 and

4

17 of Mid-Century's proposal.  (It also approves the language in paragraphs 19 through 25 and the first sentence of paragraph 18, but not the second sentence of paragraph 18.  The court will not suggest that a procedure may be invoked for requesting "withdrawal" of Confidential Information from court filings.)

In addition, the court will permit a filing protocol substantially along the following lines:

If information designated "confidential" is filed with the court, it must be filed under seal in accordance with the provisions of Local Rule 5-11.[1]  If the confidential information is filed by the party who designated the information as confidential, the filing must be accompanied by a separate motion demonstrating that the information appropriately may be maintained under seal consistent with Seventh Circuit case law regarding sealed filings.  If the confidential information is filed by another party (one who did not designate the information as confidential), then within ten days of its filing, the designating party must file a motion requesting the court to maintain the information under seal and demonstrating its maintenance under seal is consistent with Seventh Circuit case law.  Any failure timely to bring such a motion will result in the unsealing of the material.  In addition, if at any time during the pendency of the action, material being maintained by the court under seal no longer meets the legal and factual criteria for continued maintenance under seal—because of the passage of time or some other development—the designating party will promptly file a request with the court that the filings be unsealed.

## Persons with whom confidential information may be shared

The second major area of dispute concerns the categories of persons permitted access to information that is designated as confidential.  Mid-Century's proposal permits access only to the litigating parties, their counsel of record, and support personnel, experts, and witnesses to whom access is necessary for the prosecution or defense of the claims, and the court, its personnel, and court

---

[1]      The parties' proposals regarding manual filings under seal in envelopes is inconsistent with Local Rule 5-11, which governs sealed filings.

reporters.  *See* Dkt. 89-5, ¶ 9.  Plaintiff Morris, on the other hand, wants to share any information and documents obtained from Mid-Century with other lawyers that are involved in investigating potential claims-handling lawsuits against Mid-Century and unnamed "government agencies" which, according to plaintiff's counsel, study or review insurance claims handling and bad faith litigation.

The court finds that to foster orderly, prompt, and efficient discovery, Mid-Century's limits on the persons to whom confidential information may be shared are appropriate.  Litigants are permitted broad discovery to assist in the litigation of their claims, and it is appropriate to restrict a party from using or disseminating discovery materials that his adversary reasonably regards as confidential, sensitive, non-public information.  A litigant has no right to use the discovery process in a case in the pursuit of some larger agenda outside the immediate litigation.  *See, e.g., Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 32-35 (1984) (discussing the appropriateness of protective orders limiting access to discovery in light of the breadth of information that must be disclosed in discovery); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353 n.17 (1978) ("[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied.")

Circumstances warranting the collaborative sharing of documents in similar litigation matters, as addressed in cases cited by Mr. Morris, have not been shown here.  Mr. Morris has not pointed to any particular litigation matter involving Mid-Century or facts or issues similar to ones raised in this case for which Mid-

Century's documents would be useful, or any reason why Mid-Century's documents, if relevant, could not be obtained in other cases.  Similarly, there is no showing of the appropriateness of permitting the plaintiff's counsel to share Mid-Century's confidential information with unnamed government agencies.  Other, appropriate channels are open to the government to obtain documents. The court agrees with Mid-Century that "[i]n the event that a yet-to-be-identified third party believes that it should have access to Mid-Century's confidential material" produced in this litigation (Dkt. 98 at p. 4), it should identify itself and make a motion that demonstrates it is entitled to obtain discovery materials.  The court can decide then whether any circumstances justify requiring Mid-Century to share confidential material with third parties not covered by paragraph 9 of its proposed protective order.

## Conclusion

Mid-Century's motion for entry of a protective order is GRANTED in PART and DENIED in PART.  Mid-Century may submit a new form of protective order for the court's approval that is consistent with this order.  In particular, the court is amenable to entry of an order substantially in the form of Dkt. 89-5, with the addition of the language on page 5 *supra,* but without Dkt. 89-5's introductory paragraph and paragraphs 3, 4, 5, 6, and 13, the second sentence of paragraph 18, and the specific findings on the last page.

So ORDERED.

Date:  01/31/2013
_____

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

7

**Distribution:**

**All ECF-registered counsel of record via email generated by the court's ECF system**